**UNITED STATES COURT OF APPEALS**
**Filed 8/29/96**
**TENTH CIRCUIT**

———————————

WENDELL L. GERMANY,

    Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS, persons currently
unknown employees and/or agents;
ARISTEDES ZAVARAS, Executive
Director,

    Defendants-Appellees.

No. 96-1073
(D.C. No. 96-S-128)
(D. Colo.)

———————————

**ORDER AND JUDGMENT**[*]

———————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Wendell Germany is an inmate in the Colorado penitentiary and a pro se litigant. Mr. Germany filed a civil rights suit pursuant to 42 U.S.C. § 1983 and the trial court dismissed the suit after concluding the claim was legally frivolous. Mr. Germany appeals this decision.[1]

The gist of Mr. Germany's complaint was that he gave a "legal access officer" confidential documents to be copied. This officer in turn gave the documents to an unknown inmate to be copied who made extra copies and distributed them throughout the penitentiary. Mr. Germany did not describe the documents; however, he did allege the documents were to be used "for court evidence," and he further alleged that as a result of "the negligence and irresponsible acts" his life is "in extreme peril". Mr. Germany's complaint failed to identify the violation of any constitutional right.

The district judge entered a four-page written order analyzing the complaint. The district court concluded the complaint must be dismissed "because claims for negligence fail to present a constitutional violation under § 1983" and the trial court then dismissed the complaint "as legally frivolous

---

[1] The district court dismissed Mr. Germany's complaint on January 25, 1996. Mr. Germany perfected this appeal on February 96, 1996.

pursuant to 28 U.S.C. § 1915 (d)."

Mr. Germany appeals this decision asserting "his pro se complaint was not so frivolous as to warrant sua sponte dismissal without affording him an ample and fair opportunity to be heard." Mr. Germany, for the first time, now argues that the breach of confidentiality has denied him access to the courts. Mr. Germany continues to fail to identify the contents of the documents wrongfully distributed and fails to give this court any evidence as to how these facts prevented him access to the courts. His arguments to this court are mere conclusory statements.

Mr. Germany misperceives the applicable law. For a pro se litigant to state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege sufficient facts (not conclusions) to show a right guaranteed to the plaintiff under the United States Constitution was violated. Mr. Germany's complaint failed this test and the judgment of the district court was correct. Mr. Germany, even were we to

assume his conclusory assertion to be true, cannot raise a contention for the first time on appeal.

The judgment of the district court is **AFFIRMED.**

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge